McGREGOR W. SCOTT
United States Attorney
KIRK E. SHERRIFF
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:18-CR-00278-DAD-BAM |
|---|---|
| Plaintiff, | JOINT STATUS REPORT AND STIPULATION TO CONTINUE STATUS CONFERENCE; AND ORDER |
| v. | |
| ANA CRISTINA QUINONEZ, | DATE: June 22, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |
| Defendant. | |

    The United States of America, by and through Kirk E. Sherriff, Assistant United States Attorney, and the defendant, by and through Richard Oberto, her attorney of record, hereby submit this Joint Status Report and stipulate to continue the status conference in this case from June 22, 2020 until September 14, 2020 at 1:00 p.m. Among other grounds set forth below, counsel for defendant believes that a currently pending Ninth Circuit case in another matter would potentially affect the resolution of the present case, and requests additional time to conduct further investigation and research related to the charges and such potential resolution, to discuss potential resolutions with his client, and to evaluate and potentially prepare pretrial motions.

    On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611, this Court's declaration

JOINT STATUS REPORT AND STIPULATION TO
CONTINUE STATUS CONFERENCE

1

of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on June 22, 2020.

2. By this stipulation, defendant now moves to continue the status conference until September 14, 2020, and to exclude time between June 22, 2020, and September 14, 2020.

3. The parties agree and stipulate, and request that the Court find the following:

   a) Counsel for defendant desires additional time to consult with his client, to review the current charges and conduct further investigation and research related to the charges, to discuss potential resolutions with his client, and to evaluate and potentially prepare pretrial motions.  Counsel for defendant believes that a currently pending Ninth Circuit case in another matter may potentially affect such resolution, has discussed the potential ramifications of that case with the government, and requires additional time to investigate and research issues regarding such resolution.

   b) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   c) The government does not object to the continuance.

   d) In addition to the public health concerns cited by General Orders 611, 612, 617, and 618 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is

particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

  e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 22, 2020 to September 14, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: June 15, 2020 | McGREGOR W. SCOTT<br>United States Attorney<br><br>/s/ Kirk E. Sherriff<br>KIRK E. SHERRIFF<br>Assistant United States Attorney |
| Dated: June 15, 2020 | /s/ Richard Oberto<br>(authorized on 6/15/20)<br>Richard Oberto<br>Counsel for Defendant<br>ANA CRISTINA QUINONEZ |

## ORDER

IT IS SO FOUND AND ORDERED that the status conference in this case be continued from June 22, 2020 until **September 14, 2020 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 22, 2020 to September 14, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **June 15, 2020**                                   /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE